■ RAYMOND A. PATRIN, Appellant-Respondent, v TIPPETTS-ABBETT-MC-CARTHY-STRATTON, Respondent-Appellant.—Order of the Supreme Court, New York County, entered October 5, 1978, modified, on the law and the facts and in the exercise of discretion, to delete the second decretal paragraph, and otherwise affirmed, without costs and without disbursements, except that the costs of reproducing the record shall be borne equally between the parties. The plaintiff, an electrical engineer, sues his former employer alleging a breach of the employment contract, which provided for his employment in the Republic of Korea. The defendant contends the employment was terminated for good cause. The note of issue and statement of readiness were filed in August of 1977. In January, 1978, the plaintiff went to Saudi Arabia for a period of six months to a year. On May 1, 1978, the attorneys for both parties were advised that a pretrial conference would be held on May 12. The court initially set a trial date for June 5, but on request of plaintiff's counsel, in order to give additional time for his client to arrive in New York, the trial date was peremptorily set for June 19. The defendant had witnesses here who were going to Korea or else coming from Korea and so a firm date was necessary. On June 12, defendant's counsel was informed by plaintiff's counsel that the plaintiff could not appear for the trial due to delay in communications and also due to the problem of effecting the exit from Saudi Arabia. The court set a new trial date of July 5, although the plaintiff had made it clear that he would not be in New York until August 9. There was a default, the action was dismissed with prejudice, and judgment was entered on August 2. The plaintiff returned to New York, and on August 16, 1978 moved to vacate the dismissal. In order to give the plaintiff his day in court, the trial court granted the motion to vacate, but imposed certain conditions. The plaintiff appeals with respect to the conditions, and the defendant cross-appeals with respect to the vacatur. The condition in the second decretal paragraph which provides that, in the event the plaintiff ultimately prevails, there should be an offset in the recovery of the expenses incurred by the defendant in "bringing back to and lodging in New York those witnesses who were in New York and who were ready to testify at the original trial date" would make the benefit of the vacatur somewhat illusory in that the value, if any, of the cause of action would be substantially depleted. Inasmuch as there was a valid basis for the

delay in the return of the plaintiff, that portion of the conditions imposed should be deleted. Concur—Kupferman, J. P., Sandler, Bloom, Lane and Lupiano, JJ.